IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Civil Action No.: 8:20-cv-01982-VMC-JSS** |
| INTERTAPE POLYMER CORP., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT INTERTAPE POLYMER CORPORATION'S MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE '482 PATENT**

Pursuant to Local Rule 3.01, Defendant Intertape Polymer Corporation ("IPC") hereby submits this Motion to stay this patent case pending *inter partes* review ("IPR") of the sole patent at issue, U.S. Patent No. 6,308,482 ("the '482 Patent").

On February 18, 2021, the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent and Trademark Office ("USPTO") granted Owens Corning Roofing & Asphalt, LLC's petition and instituted an IPR on all 34 claims in the '482 Patent. *See* Exhibit A, Case No. IPR2020-01389. In its decision, the PTAB found a reasonable likelihood of success that every claim of the '482 Patent is unpatentable based on the prior art. *See* Exhibit A, p. 38 ("On this record, we are persuaded that Petitioner demonstrates a *reasonable likelihood* that it would prevail in showing

1

the *unpatentability* of claims 1–34 of the '482 Patent on at least one of the grounds asserted in the Petition.") (emphasis added).

Whatever happens at the PTAB will have a direct bearing on this case and necessarily simplify the issues before the Court.  Without a stay, this Court will be tasked with deciding the meaning of certain claim terms based on the intrinsic record while the intrinsic record is still in a state of flux at the USPTO.  Moreover, the parties will be required to litigate over the noninfringement and invalidity of claims that will likely be shown to be unpatentable.

Kirsch's own conduct shows that there is no urgency in this case and a stay will not prejudice Kirsch.  Kirsch waited many years—until after the '482 Patent expired—to seek relief against IPC (as a result, the only relief to which Kirsch might be entitled, should it prevail, is money damages, not injunctive relief).  Moreover, this case is still in its early stages:  no documents have been produced, no depositions have been taken, no claim construction hearing has been scheduled, and no trial date has been set.  Therefore, consistent with the principles of efficiency, judicial economy, and the avoidance of inconsistent rulings, IPC respectfully requests this Court to issue a stay pending the outcome of the IPR.[1]

---

[1] As the Court is aware, IPC and Kirsch were recently involved in discussions to try to resolve this case without further involvement of the Court.  On February 3, 2021, the Court stayed and administratively closed this matter, with the case to reopen on March 8, 2021, if needed. Unfortunately, despite IPC's good faith efforts, the parties' discussions did not conclude with a settlement.  Subsequently, the IPR was instituted.  Accordingly, IPC files this motion on the date the matter is to be administratively reopened to advise the Court that the parties were not able to conclude a settlement and to respectfully request that the present stay be extended, for the reasons set forth in this motion.

2

**MEMORANDUM OF LEGAL AUTHORITY**

I. **PROCEDURAL BACKGROUND**

This case is one of 16 cases filed by Plaintiff asserting infringement of the '482 Patent. On July 29, 2020, Owens Corning Roofing & Asphalt, LLC, a defendant in another district court case filed by Kirsch, filed a petition for IPR with the PTAB of the USPTO, challenging the validity of all claims in the '482 Patent. As indicated above, the USPTO granted the petition on February 18, 2021, and instituted IPR on all 34 claims in the '482 Patent, finding that the petitioner had shown a reasonable likelihood of succeeding on every one of ten asserted grounds, which include both anticipation and obviousness theories, and ten different combinations of prior art. *See* Exhibit A, pp. 23-38. The USPTO must now issue a final written decision by February 18, 2022. *See* 37 C.F.R. § 42.100(c). Furthermore, the '482 Patent is subject to a second IPR proceeding filed in November 2020 by another defendant in a co-pending case, GAF Materials, LLC.[2]

II. **LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO" proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation omitted); *see also Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-

---

[2] GAF Materials, LLC has challenged all 34 claims of the '482 Patent on additional grounds and prior art combinations. *See* Exhibit B. An institution decision is expected prior to May 26, 2021, with a final written decision to be issued sometime prior to May 26, 2022.

3

1727-Orl-37DAB, 2013 U.S. Dist. LEXIS 165692, at *3 (M.D. Fla. Nov. 21, 2013) ("*Automatic Mfg. II*") (granting stay and observing that "[c]ourts have broad discretion to manage their dockets, including the power to grant a stay pending the conclusion of PTO administrative proceedings"). This Court has previously acknowledged:

> In patent cases, a number of courts have reasoned that such stays should be liberally granted when there is a pending administrative proceeding before the PTO. . . . These courts posit that the time and effort expended in prosecuting the action would be wasted if the PTO's decision in the administrative proceeding drastically alters the nature of the case[.]

*CANVS Corp. v. Nivisys, LLC*, No. 2:14-cv-99-FtM-38DNF, 2014 U.S. Dist. LEXIS 168681, at *5 (M.D. Fla. Dec. 5, 2014) (citations omitted). Finally, in assessing whether to stay a particular case, courts typically consider "(1) whether a stay will simplify the issues in question for trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *See id.* (citing *Automatic Mfg. II*, 2013 U.S. Dist. LEXIS 165692, at *4; *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004, 2014 U.S. Dist. LEXIS 112814, at *6-7 (M.D. Fla. Aug. 14, 2014) (Covington, J.) (citations omitted)).

Courts within this District have granted similar motions to stay pending the outcome of an IPR. *See, e.g.*, *Lighting Sci. Grp. Corp. v. Nicor, Inc.*, No. 6:16-cv-413-Orl-37GJK, 2017 U.S. Dist. LEXIS 70260, at *9 (M.D. Fla. May 9, 2017); *CANVS Corp.*, 2014 U.S. Dist. LEXIS 168681, at *14; *Andersons, Inc.*, 2014 U.S.

4

Dist. LEXIS 112814, at *13; *Automatic Mfg. II*, 2013 U.S. Dist. LEXIS 165692, at *11; *Capriola Corp. v. LaRose Industries*, No. 8:12-cv-2346, 2013 U.S. Dist. LEXIS 65754, at *7 (M.D. Fla. Mar. 11, 2013).

In *Lighting Sci. Grp. Corp.*, the court found that "the totality of the circumstances weigh[ed] in favor of entering a stay" even before the IPR petitions were instituted because "input from the PTO [would] facilitate the resolution of [the] proceedings . . . [even if] no claims [were] invalidated." U.S. Dist. LEXIS 70260, at *7-8. Likewise, in *Andersons*, this Court granted a stay because the defendants had filed IPR petitions for each of the patents-in-suit and "the PTO is in a position to significantly streamline and focus the issues to be decided by this Court." 2014 U.S. Dist. LEXIS 112814, at *12. The Court reasoned that "if the PTO declines *inter partes* review, little time is lost, but if the PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to[ward] resolution of the governing issues in the litigation." *Id.* (citing *Capriola*, 2013 U.S. Dist. LEXIS 65754, at *6).

Furthermore, in *CANVS Corp.*, the court granted a renewed motion to stay once the USPTO had instituted an IPR of all the claims of the one asserted patent in a petition by a defendant in a related case. 2014 U.S. Dist. LEXIS 168681, at *14. The court explained:

> Absent a stay, the litigants and Court will invariably expend significant time and resources engaging in claim construction, filing dispositive motions, and preparing for trial. This time and effort would be wasted if the PTO's decision on the *inter partes* review drastically alters the nature of the case. The PTO's decision on *inter*

5

*partes* review could also cause the parties to revamp their litigation strategy and arguments considerably in this case.

*CANVS Corp.*, 2014 U.S. Dist. LEXIS 168681, at *9.

The totality of the circumstances here likewise favors granting a stay as discussed in each of the factors below.

## III. <u>ARGUMENT</u>

All three factors courts consider weigh in favor of a stay. First, the PTAB review of the '482 Patent will greatly simply, if not resolve the case entirely. Second, Kirsch will not be prejudiced by a stay because the '482 Patent is expired, and monetary relief is the only available remedy to Kirsch. Finally, this case is in the early stages and no significant discovery has taken place, a claim construction hearing is not set, and no trial date has been scheduled.

### A. A Stay Pending PTAB Review of the '482 Patent Will Simplify Issues in This Case and Conserve the Parties' and Court's Resources.

The USPTO has found substantial questions exist regarding the patentability of all claims of the '482 Patent. The PTAB was not persuaded by Kirsch's arguments against institution as to any of the 34 claims in the '482 Patent.[3] Staying the case pending resolution of the IPR should eliminate some or all

---

[3] Statistics maintained on the Administrative Panel Judges deciding the recently instituted IPR indicate that the '482 Patent is unlikely to survive the proceeding. A three-judge panel at the PTAB rejected Kirsch's arguments and decided to institute review on all asserted grounds for all claims. Judge Boudreau, the author of the institution decision, has <u>never</u> reversed himself as the author judge in 96 total IPRs (a self-reversal rate of 0%). The other two judges, Judge Hamann and Judge Sawert, have self-reversal rates as panel judges of 18.8% and 20.5%, respectively. *See* Exhibit C.

asserted claims, and may even resolve the entire case before motion practice and a trial in this Court. *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (stating that the PTO's determination that "all of the claims" of the "sole asserted patent" are "more likely than not unpatentable" indicates that the PTO's review could "dispose of the entire litigation: the ultimate simplification of issues").

Courts have recognized numerous benefits of deferring to the USPTO in these circumstances, including "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." *Capriola Corp.*, 2013 U.S. Dist. LEXIS 65754, at *2 (citation omitted). On the other hand, if this Court does not stay the case and the USPTO ultimately cancels all asserted claims, all efforts of the parties and the Court—e.g., engaging in costly and time-consuming discovery, motions practice, and trial—would be wasted. These effects from the IPR exist despite the fact that IPC is not a party to the IPR proceedings. *See, e.g., CANVS Corp.*, 2014 U.S. Dist. LEXIS 168681, at *8-9 (finding simplification factor to weigh in favor of a stay where defendant was not a party to the IPR proceedings and citing other such cases).

Kirsch has already made, and will continue to make, additional statements during the IPR proceeding that will be part of the intrinsic record and inform this Court's claim constructions. Granting this request for a stay will allow the Court

7

to review the entire record—which is still being created at the USPTO—and will prevent duplicative and potentially inconsistent claim construction efforts. The PTAB applies the same claim construction standard as district courts, and the PTAB has already indicated that "certain of Patent Owner's arguments . . . appear to present an issue of claim construction, undeveloped on the present record, with respect to the term 'extrusion lamination'" (Exhibit A, p. 15-16). It would be wasteful and could potentially create inconsistent outcomes for the Court to decide this same issue at the same time as the PTAB. Instead, the Court can and should wait to obtain the benefit of the PTAB decision prior to proceeding any further.

### B. A Stay Will Not Prejudice or Disadvantage Kirsch.

A stay pending review of all claims of the only asserted patent in this case will not unduly prejudice or present a clear tactical disadvantage to Kirsch. The '482 Patent expired almost a year ago, before Kirsch first pursued any claims against IPC. Thus, the only relief available to Kirsch is monetary damages. *See Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co., Ltd.*, 754 F.2d 345, 347 (Fed. Circ. 1985) (injunctive relief moot where patent expired). Clearly, Kirsch was not in any hurry to seek judicial relief, further undermining any opposition to this stay request from Kirsch. As Kirsch must admit, if any claims survive the USPTO review, Plaintiff can still seek money damages for any infringement that occurred prior to the expiration of the patent. As a result, there is no chance of continued harm here, and thus no chance of prejudice by a stay.

Other courts have rightly determined that Plaintiff is not prejudiced under these circumstances. *See VirtualAgility Inc.*, 759 F.3d at 1318 ("[a] stay will not diminish the monetary damages to which [patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *Tomco Equip. Co. v. SE Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) ("the availability of money damages is sufficient to protect plaintiff from prejudice") (citation omitted); *Rembrandt Wireless Techs. v. Qualcomm Inc.*, No. 8:19-cv-00705-JLS-JDE, 2020 U.S. Dist. LEXIS 157484, at *7 (C.D. Cal. Apr. 9, 2020) (citing *SPEX Techs., Inc. v. Kingston Tech. Corp.*, No. CV16-07349 JVS(AGRX), 2018 WL 2446801, at *2 (C.D. Cal. May 16, 2018) (finding no prejudice especially because "the patents have expired")).

This Court, too, has held that a delay, by itself, is not prejudicial. *See, e.g.*, *Andersons, Inc.*, 2014 U.S. Dist. LEXIS 112814, at *8 (citation omitted). In *Andersons*, the complaint contained only claims for patent infringement and each of the patents-in-suit were challenged by the defendants' IPR petitions. *Id.* at *10. Therefore, the Court found there was no prejudice since there were no other claims unrelated to the validity of the patents that would be put on hold. *Id.* Likewise, here, Kirsch's FAC contains only claims regarding the '482 Patent. Given the availability of full relief to Kirsch should any claims survive, the early stage of this litigation, the limited duration of the PTAB proceedings, and the lack of dilatory motives by IPC, Kirsch will not be prejudiced or disadvantaged by a stay.

9

While a stay will not prejudice Kirsch, the failure to stay the case will prejudice IPC. IPC would be forced to expend significant time and resources litigating claims that have a significant chance of being nullified by the PTAB. Additionally, a judgment could be entered against IPC for unpatentable claims. Other courts have held that "[s]uch an outcome is unacceptable." *See, e.g.*, *Everything for Love.com, Inc. v. Tender Loving Things, Inc.*, No. CIV 02-2605-PHX-EHC, 2006 U.S. Dist. LEXIS 56033, at *9-14 (D. Ariz. July 21, 2006) (citing cases).

### C. The Early Posture of this Case Justifies a Stay.

The early stage of this case favors a stay. Courts have regularly granted a stay when there has not been substantial progress toward trial. *Lighting Sci. Grp. Corp.*, 2017 U.S. Dist. LEXIS 70260, at *8 (granting stay because "discovery is far from complete, the Court has not conducted a claim construction hearing, the claim construction issues are not fully briefed, and the trial dates are not yet set"); *CANVS Corp.*, 2014 U.S. Dist. LEXIS 168681, at *11-12 (granting stay where there was "more than seven months to complete fact discovery and eight months to complete expert discovery" and Plaintiff had filed a Claim Construction Brief, but Defendant's response was not due for another month); *Andersons, Inc.*, 2014 U.S. Dist. LEXIS 112814, at *10-11 (finding procedural posture of the case to favor a stay where minimal discovery had taken place and trial set to occur one year later); *Automatic Mfg. II*, 2013 U.S. Dist. LEXIS 165692, at *10 (finding the litigation stage factor to weigh in favor of stay where discovery remained open for eight

10

months, the *Markman* proceedings had not occurred, and the trial was set for roughly sixteen months later).

This case is in the early stages and a significant amount of work remains ahead for the parties. Neither party has responded to any discovery requests yet. No documents have been produced by either party. No depositions have been taken or set. No claim construction briefing has occurred. No claim construction hearing date has been scheduled. And no trial date has been set. Indeed, the most burdensome parts of the case all lie in the future. *See Smartflash LLC v. Apple, Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come."). Accordingly, the procedural posture of this case favors a stay.

### IV.   **CONCLUSION**

For the foregoing reasons, IPC respectfully requests that the Court grant this Motion to Stay, pending the outcome of the IPR proceedings against the '482 Patent.

### **Local Rule 3.01(g) Certification**

The undersigned certifies that counsel for IPC conferred with counsel for Kirsch by telephone on March 5, 2021, in a good-faith effort to resolve the issues raised by this motion. Kirsch does not consent to the relief requested herein.

11

Date: March 8, 2021                              Respectfully submitted,

*/s/ Paul McDermott*
Paul McDermott
Fla. Bar. No.: 855901
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
Phone 813.227.6321
Fax 813.229.0134
paul.mcdermott@hklaw.com

*/s/ J. Mark Wilson*
J. Mark Wilson
N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 339-5981
markwilson@mvalaw.com

*Attorneys for Defendant Intertape Polymer Corp.*